UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br>v.<br><br>TLC COMPANY, INC. D/B/A TLC PLUMBING AND UTILITY, a corporation,<br><br>    DEFENDANT. | **CIVIL ACTION NO. 19-158**<br><br><br><br><br>**COMPLAINT** |

Plaintiff, R. Alexander Acosta, Secretary, United States Department of Labor, brings this action under Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or "the Act") to enjoin Defendant from violating the provisions of sections 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 207, 211(c), 215(a)(2), and 215(a)(5), and to restrain Defendant from withholding payment of overtime compensation due 1) Defendant's employees, named in Exhibit A, for the period of time between May 23, 2016 and May 22, 2018, and 2) Defendant's employees, including but not limited to those persons named in Exhibit A, for the period of time between May 22, 2018 (the close of Plaintiff's investigation), and the date of judgment, together with an equal additional amount as liquidated damages. In support thereof, Plaintiff states as follows:

## I.    THE PARTIES

1.    Plaintiff R. Alexander Acosta is the Secretary of Labor, United States Department of Labor, and is authorized to enforce the provisions of the FLSA, and to recover back wages,

liquidated damages, and to seek injunctive relief on behalf of employees employed in violation of the FLSA's overtime and record keeping provisions. 29 U.S.C. §§ 207, 211(c), 215(a)(2), 215(a)(5), 216(c) and 217.

2. Defendant TLC Company, Inc. d/b/a TLC Plumbing and Utility ("TLC") is a New Mexico corporation with its corporate office located at 5000 Edith Blvd. NE, Albuquerque, New Mexico 87107. TLC is a plumbing, HVAC, and construction company that offers its services to the general public.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the subject events or omissions occurred, and Defendant has its corporate office in this Judicial District.

## III. FLSA STATUTORY COVERAGE

5. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

## IV.     FACTUAL ALLEGATIONS RELATING TO FLSA VIOLATIONS

6.      Defendant has violated, and is possibly still violating, the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2) by employing certain of its employees in an enterprise engaged in commerce or in the production of goods for commerce, since at least May 2016, without compensating said employees overtime wages for their employment in excess of forty (40) hours in such workweeks. Specifically, Defendant violated the FLSA's overtime provisions by paying at least four employees a flat salary and not paying overtime wages for hours worked in excess of 40 hours per week.

7.      Defendant, an employer subject to the provisions of the FLSA, violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that it failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by it as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, with respect to at least four employees paid a flat salary, Defendant failed to maintain a weekly record of hours worked, failed to record overtime hours, *i.e.*, hours worked in excess of 40 in a workweek, and failed to record the correct overtime rate of pay for such hours.

## VII.     PRAYER FOR RELIEF

8.      As a result of the violations alleged in paragraphs 1 to 7 above, unpaid overtime compensation is owing from Defendant to certain of Defendant's present and former employees including but not limited to those persons specifically named in Exhibit A, and incorporated herein by reference, for the period of May 23, 2016 and May 22, 2018.

9. Inasmuch as the violations may be continuing, additional amounts for unpaid overtime compensation are accruing for certain of these employees and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff from May 22, 2018, to the present.

10. Defendant has violated the FLSA. An order enjoining the alleged violations and restraining the withholding of unpaid overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

A. For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant, from violating sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA;

B. For an order pursuant to section 16(c) of the FLSA requiring Defendant to pay Plaintiff a sum equal to the unpaid minimum wage and overtime compensation due Defendant's employees for the period from May 23, 2016 and May 22, 2018; and such additional amounts as may be found by this Court to be due for the period from May 22, 2018, until the date of judgment; and for equal additional amounts as liquidated damages;

C. In the event liquidated damages are not awarded, an order pursuant to section 17

enjoining and restraining Defendant from withholding payment of unpaid overtime compensation due Defendant's employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

    D.    A monetary award to Plaintiff for the costs of this action; and

    E.    Such other and further relief as this Court deems just and appropriate.

Dated this 27th day of February 2019.

                              Respectfully submitted,

| | |
|---|---|
| Kate S. O'Scannlain<br>Solicitor of Labor | JOHN C. ANDERSON<br>United States Attorney |
| James E. Culp<br>Regional Solicitor | */s/ Tiffany L. Walters 2/27/19*<br>Assistant United States Attorney<br>P.O. Box 607 |
| John Rainwater<br>Associate Regional Solicitor | Albuquerque, New Mexico  87103<br>(505) 224-1493 Fax: (505) 346-7205<br>tiffany.walters2@usdoj.gov |
| */s/ Courtney Witten 2/27/19*<br>Courtney Witten<br>Trial Attorney<br>United States Department of Labor<br>Office of the Solicitor<br>1244 Speer Blvd., Suite 515<br>Denver, CO 80215<br>(303) 844-1387<br>witten.courtney@dol.gov<br>*Associated Counsel* | *Associated Local Counsel* |

## CERTIFICATE OF GOOD STANDING

    I HEREBY CERTIFY that Courtney Witten is a member in good standing of the bar of Colorado.

                              */s/ Tiffany L. Walters February 26, 2019*
                              TIFFANY L. WALTERS
                              Assistant United States Attorney